J. G. DOLL, Appellant, v. G. W. McCUMBER, Respondent.

No. 3999; May 10, 1864.

**Appeal—Necessary Papers—Waiver by Opposing Party.**—The grounds for a notice of motion for a new trial, on which a party relies on appeal, should, so far as they relate to the matters appearing in the statement, be shown in some manner in such statement; however, unless objected to by the opposing party, the appeal will be heard as if they were so shown.

**Appeal—Sufficiency of Evidence—Question, How Raised.**—Under the Practice Act the sufficiency of the evidence on which the trial court based its findings or the jury its verdict can be questioned only on a motion for a new trial; and these questions can be reviewed only on appeal from the order disposing of such motion.

**Pleading—Supplemental Answer.**—Under Leave to File Amendments to his answer a defendant may file an amended and supplemental answer, unless the opposing party shows that he is prejudiced thereby.

APPEAL from Ninth Judicial District, Shasta County.

Earll & Myrick, R. T. Sprague and Cadwalader for appellant; J. D. Mix for respondent.

RHODES, J.—The appeal is taken from the judgment, and not from the order overruling the motion for a new trial.

A statement was made by the plaintiff, on his motion for a new trial, which was settled by the judge who heard the cause, and which it was agreed should constitute the statement on appeal. It does not contain the grounds upon which the plaintiff intends to rely on his appeal, and the parties have not stipulated that the grounds of the motion for a new trial appearing in the notice of the motion shall constitute a part of the statement on appeal. The grounds on which a party relies on appeal, so far as they relate to the matters appearing in the statement, should in some manner appear therein. But as the respondent has made no objection to the statement on that point, the case will be considered as if the grounds in the notice were incorporated into the statement on appeal.

The first three grounds relate to the sufficiency of the evidence to justify the findings of fact by the court. However

much we might be inclined to reverse the action of the court on that ground, and particularly in respect to the effect of the license granted to the plaintiff, yet we are unable to do so, because an appeal has not been taken from the order overruling the motion for a new trial.

The questions as to the sufficiency of the evidence to warrant the verdict or the findings of fact can, under the Practice Act, be raised only on motion for a new trial, and the only manner that the action of the court upon those questions can be reviewed is on appeal from the order granting or refusing the new trial.

The next two grounds are the refusal of the court to strike out a portion of the defendant's amended answer, and to strike out the whole answer, upon the motion of the plaintiff. The reasons assigned in the motions were that the amendments were inconsistent with the original answer, and with each other. The amendments were evidently framed as an amended answer. The court gave the defendant leave to file an amendment to his answer, but, instead thereof, he filed an "amended and supplemental answer," but an objection on that ground would scarcely be allowed, at least the opposite party must show that he was prejudiced thereby. Such being the case, it is immaterial that the amended answer was inconsistent with the original answer. We do not see any material inconsistency in the several allegations of the amended answer.

The remaining point is that the court erred in rendering judgment for the defendant. The facts found by the court clearly authorized and required the judgment to be entered as was done. The plaintiff insists that the license of the defendant, to the plaintiff, to cut hay upon certain land, was sufficient to give the plaintiff the title to the hay cut by him on such land. There is apparently some inconsistency in the findings upon this point, but, taking all the findings together, they amount to this: that the defendant did not object to the plaintiff's cutting hay upon his (the plaintiff's) own land, but did object to his cutting it on the defendant's land.

Judgment affirmed.

We concur: Sanderson, C. J.; Currey, J.; Sawyer J.; Shafter, J.